This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41361

**WYOMING TERRACE LLC d/b/a
SUNRISE ESTATE,**

      Plaintiff-Appellee,

v.

**BENNIE LUCERO,**

      Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY
Jason M. Jaramillo, Metropolitan Court Judge**

Vance, Chavez & Associates, LLC
James A. Chavez, P.C.
James A. Chavez
Albuquerque, NM

for Appellee

New Mexico Legal Aid, Inc.
Parker Pollard
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**    Defendant appeals from the metropolitan court's judgment for possession and writ of restitution terminating his tenancy and restoring the mobile home space to Plaintiff. We issued a calendar notice proposing to reverse. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we reverse.

**{2}** In our proposed disposition, we relied on *Four Hills Park Group, LLC v. Masabarakiza*, 2024-NMCA-047, ¶ 5, 550 P.3d 851, and proposed to reverse the metropolitan court's judgment for possession and writ of restitution on the grounds that Plaintiff did not comply with the service requirements under NMSA 1978, Section 47-10-3(B) (1997). In its memorandum in opposition, Plaintiff "acknowledges and agrees that the facts in this case are substantially similar to the recently decided case of *Four Hills Park Group, LLC v. Masabarakiza*." [MIO 2] Nevertheless, Plaintiff argues that "[t]his appeal affords this Court the opportunity to correct *Masabarakiza*, as it is wrongly decided pursuant to New Mexico law." [MIO 2] Plaintiff asserts that *Masabarakiza* misapprehended the Mobile Home Park Act as it relates to the service of notice to quit, *see* § 47-10-3, and notices to pay or quit, *see* NMSA 1978, § 47-10-6 (1993), and that based on the plain language of Section 47-10-6 notice can be served or posted. [MIO 2-3] However, we do not view these arguments as compelling reasons to overrule this Court's recent opinion, and therefore decline to do so. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 24, 135 N.M. 375, 89 P.3d 47 ("Based on the importance of stare decisis, we require a compelling reason to overrule one of our prior cases." (internal quotation marks and citation omitted)); *id.* (explaining the importance of stare decisis and that "[v]ery weighty considerations underlie the principle that courts should not light overrule past decisions" (internal citation omitted)). In addition, we note that a party may seek further review by filing a petition for writ of certiorari with our Supreme Court. *See* Rule 12-502 NMRA.

**{3}** Moreover, in its memorandum in opposition, Plaintiff does not provide us with any new facts or authority to demonstrate that our proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** For the reasons stated in our notice of proposed disposition and herein, we reverse the metropolitan's judgment for possession and writ of restitution.

**{5} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**